## FORTE DATA SYSTEMS, INC. v. ANDERSON, et al
### Case No. 84-6284 CA(L) H
Fifteenth Judicial Circuit, Palm Beach County
March 28, 1985

### APPEARANCES OF COUNSEL

**Smathers & Thompson** for plaintiff.

**Giffin & Thellman, P.A.** for Micro-Plus.

**Price, Kaczmarek & Beals** for defendant, J. Anderson.

**McCutchen, Doyle, Brown, et al.** for plaintiff.

### OPINION OF THE COURT

RICHARD I. WENNET, Circuit Judge.

This cause came on for hearing by the Court on the motion for temporary injunction of plaintiff, Forte Data Systems, Inc. ("Forte"). After an evidentiary hearing in which testimony and evidence were presented, the court considered memoranda submitted by the parties, and heard argument of counsel. The court sought to reasonably reconcile conflicting testimony and/or evidence where reconciliation was possible. Where the Court found it impossible to reconcile testimony, it has rejected such testimony which contradicts the following findings of fact:

1. Defendant Jay Anderson ("Anderson") was employed by plaintiff, Forte Data Systems, Inc. ("Forte") as its National Sales Manager and,

subsequently, its Regional Sales Manager, from on or about September 12, 1983, to on or about August 2, 1984.

2. Anderson executed an employment agreement entitled Agreement Regarding Proprietary Information and Inventions ("Agreement") with Forte on September 12, 1983.

3. Under the terms of the Agreement, Anderson contracted as follows:

3. I understand that my employment by the Company creates a relationship of confidence and trust between me and the Company with respect to any information of a confidential or secret nature that may be learned or developed by me during the period of my employment by the Company and which (i) relates to the business of the Company or to the business of any customer or supplier of the Company, or (ii) has been created, discovered or developed by, or has otherwise become known to the Company and has commercial value in the business in which the Company is engaged (hereinafter called "Proprietary Information"). By way of illustration, but not limitation, Proprietary Information includes trade secrets, processes, formulas, computer programs, data, know-how, inventions, improvements, techniques, marketing plans, product plans, strategies, forecasts and customer lists.

4. All Proprietary Information shall be the sole property of the Company and its assigns. I hereby assign to the Company any rights I may have or acquire in all Proprietary Information. At all times, both during my employment and after its termination, I will keep in confidence and trust all Proprietary Information, and I will not use or disclose any Proprietary Information or anything relating to it without the prior written consent of the Company, except as may be necessary in the ordinary course of performing my duties as an employee of the Company. In the event of the termination of my employment by me or by the Company for any reason, I will promptly deliver to the Company all materials, documents and data of any nature containing or pertaining to any Proprietary Information and I will not take with me any such materials, documents or data or any reproduction thereof.

. . . . . . . . . . .

11. I agree that I shall not for a period of six (6) months immediately following the termination of my employment with the Company for any reason, whether with or without cause, either directly or indirectly (i) call on, solicit or take away, either for myself or for any other person or entity, any of the customers or

clients of the Company on whom I called or with whom I became acquainted during my employment with the Company, or (ii) solicit or take away, or attempt to solicit or take away, either for myself or for any other person or entity, any employees of the Company.

4. The limitations imposed in the employment contract are reasonable in the industry, both as to duration and geographic application. The industry (and Forte and Micro Plus) functions on a national scope. Research and development in the industry are such that patents and trademarks, because they require considerable time to obtain, are not feasible and not readily used to protect proprietary information. Hence, the use of contractual agreements and employment contracts with key personnel is a widespread and reasonable means of protecting proprietary information.

5. During his employment with Forte, Anderson became familiar with Forte's proprietary and confidential information. In particular, he knew the names of all the Forte distributors, the identity of the individuals who worked at those distributors, the names of Forte's prospective distributors, the identity of the parties with whom Forte was negotiating, the status of such negotiations, the new products Forte was developing, the status of the testing of these new products, Forte's pricing strategy, the cost to Forte of manufacturing its products, where Forte intended to develop new distributors and how many distributors it planned to develop in a given area, the required characteristics for a Forte distributor, the identities of the parties with whom Forte was negotiating for Original Equipment Manufacturer contracts, Forte's sales strategy and other items ("Proprietary Information"). Anderson agreed not to divulge any of this Proprietary Information without the prior written consent of Forte.

6. On August 2, 1984, Anderson's employment with Forte was terminated by the company. On August 23, 1985, Anderson became employed as National Sales Manager by defendant Micro Plus, Inc. ("Micro Plus"), a competitor of Forte's.

7. While employed by Micro Plus, Anderson has violated the terms of the Agreement in that he has disclosed Proprietary Information to Micro Plus and used Forte's Proprietary Information for his gain and that of Micro Plus. He has called upon, solicited and taken away Forte's customers and clients on behalf of Micro Plus for the benefit of himself and Micro Plus.

8. Forte notified Micro Plus of the existence of the agreement on September 25, 1984. Micro Plus took no action to stop Anderson's activities and knowingly reaped the benefits from these activities.

48

9. The actions described in paragraph 7, have caused and will continue to cause irreparable harm to Forte in that they compromise Forte's Proprietary Information by allowing its competitors to gain unfair competitive advantage over Forte. Such actions also damage Forte's good will with customers and prospective customers. Forte has no remedy at law for these damages. The damages are impossible to ascertain and recovering them would require a multiplicity of suits.

It is thereupon ORDERED and ADJUDGED as follows:

1. The equities are with Forte and against Anderson and Micro Plus.

2. A valid enforceable contract of employment was made between Anderson and Forte on September 12, 1983. The provisions contained in Paragraphs 3, 4 and 11 thereof which prohibit competition and solicitation are reasonable in duration and geographic application.

3. Anderson and his agents, employees, servants and those persons and entities in active concert or participation with him including, but not limited to, independent contractors, are enjoined from directly or indirectly using or disclosing or causing to be used or disclosed any of Forte's Proprietary Information on behalf of or for the benefit of Anderson or any other person or entity including, but not limited to, Micro Plus. The term "using" is defined, for purposes of this order, as taking any action or causing another person or entity to take action based upon or influenced by this knowledge. The term "disclosing", for purposes of this order, is defined as transmitting knowledge in written or spoken form.

4. Anderson and his agents, employees, servants and those persons and entities in active concert or participation with him including, but not limited to, independent contractors, are enjoined from directly or indirectly calling upon, soliciting or taking away any customers or clients of Forte's on whom Anderson called or with whom Anderson became acquainted during his employment with Forte on behalf of or for the benefit of Anderson or any other person or entity including, but not limited to, Micro Plus, for six months from the date Forte posts the bond referred to in paragraph 7, below. The term "customer" is defined, for purposes of this order, as Original Equipment Manufacturers, end-users and distributors of Forte's during the term of Anderson's employment with Forte, September 12, 1983, to August 2, 1984. The prospective application of the six-month injunction is based upon the contractual provisions of the Anderson-Forte employment Agreement and upon the precedent of *Capelouto v. Orkin Exterminating Co. of Florida*, 183 So.2d 532 (Fla. 1966), *appeal dismissed*, 385 U.S. 11, 87 S.Ct. 78, *rehearing denied*, 385 U.S. 964, 87 S.Ct. 390.

5. Micro Plus and its officers, agents, employees, servants, directors and those persons and entities in active concert or participation with it including, but not limited to, independent contractors, are enjoined from directly or indirectly using or disclosing or causing to be used or disclosed any of Forte's Proprietary Information. The term "using" is defined, for the purposes of this order, as taking any action or causing another person or entity to take action based upon or influenced by this knowledge. The term "disclosing", for purposes of this order, is defined as transmitting knowledge in written or spoken form.

6. Micro Plus and its officers, agents, employees, servants, directors and those persons and entities in active concert or participation with them including, but not limited to, independent contractors, are enjoined from directly or indirectly calling upon, soliciting or taking away any customers or clients of Forte's, if the identities or names of such customers or clients were procured from Anderson, for six months from the date Forte posts the bond referred to in paragraph 7, below, based upon the precedent of *Capelouto*.

7. Forte Data is hereby ordered to post a bond in the amount of $50,000.00, subject to the Court's approval of form and substance.

8. Micro Plus is hereby ordered to provide actual notice of this order to each of its officers, agents, servants, employees, directors and persons in active concert or participation with them including, but not limited to, independent contractors.

Editor's Note: This case is currently under appeal in the Fourth District Court of Appeal. At publication deadline, no decision has been handed down.